# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **DAVID E. HENDERSON** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-10-CV-292-KC** |
| | § | |
| **THOMAS E. STANTON,** | § | |
| **Defendant.** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Plaintiff David E. Henderson's ("Henderson") *pro se* Complaint and application to proceed *in forma pauperis* (Doc. No. 1).  In his Complaint, Henderson contends that Defendant Stanton intentionally inflicted emotion distress on him and failed to turn over certain records related to probate court proceedings.  *See* Compl. ¶¶ 4-5.  The Court referred this matter to the United States Magistrate Judge for a report and recommendation.[1]  The Magistrate Judge recommends that the Court dismiss Henderson's complaint for lack of subject matter jurisdiction.  *See* Report & Recommendation ("R&R") 2 (Doc. No. 3).

A party who files timely written objections to a magistrate judge's report is entitled to a de novo determination of those portions of the report to which the party objects.[2]  The reviewing district court may thereafter accept, reject, or modify the report, in whole or in part.[3]  The

---

[1] *See* 28 U.S.C. § 636(b)(1)(A) (stating that a judge may "designate a magistrate judge to hear and determine any pretrial matter pending before the court" subject to certain exceptions not relevant here).

[2] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[3] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); Fed. R. Civ. P. 72(b)(3)

objections, however, must specifically identify those findings or recommendations which the party wishes the district court to consider.[4]  A district court need not consider "frivolous, conclusive, or general objections."[5]

In his "Response to Report and Recommendation of Magistrate Judge" ("Objections") (Doc. No. 6), Henderson makes a number of rambling and unsubstantiated allegations questioning the neutrality and probity of the Magistrate Judge assigned to this case.  *See generally* Objections.  He does not identify any specific issue of law or fact, among those set forth in the Report and Recommendation, with which he has a reasoned disagreement. Accordingly, Henderson's Objections fail to meet the standard set forth for invoking the District Court's power to review and correct a magistrate's Report and Recommendation.

Nevertheless, this Court has undertaken its own review of the record in this case.  After this de novo review, the Court finds there are no apparent errors of law or fact in the Report and Recommendation.  The Court thus finds that the Magistrate Judge's proposed findings of fact and conclusions of law are correct, and that it should adopt those recommendations.  The Court, therefore, enters the following orders:

1.     The Court **OVERRULES** Henderson's Objections (Doc. No. 6) to the Magistrate

---

("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[4] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."); W.D. Tex Local R., App. C, R. 4(b) ("Assignment of Duties to United States Magistrate Judges") ("[W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

[5] *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

Judge's report.

2.      The Court **APPROVES** and **ADOPTS** the report and recommendation of the

Magistrate Judge (Doc. No. 3).

4.      The Court **ORDERS** that Henderson's *pro se* Complaint and application to

proceed *in forma pauperis* (Doc. No. 1) is to be **DOCKETED** and **DISMISSED**

**WITHOUT PREJUDICE** for lack of subject matter jurisdiction, pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).[6]

**SO ORDERED.**

**SIGNED** this 27th **day of August, 2010.**

_____

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court finds that the lack of subject matter jurisdiction in the instant case is so patently obvious and manifest that it renders the instant action frivolous or malicious for the purposes of 28 U.S.C. § 1915(e)(2)(B)(i).